**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

JOSHUA BOWER,

                Petitioner,                Case Number: 07-13269-BC
                                                        Honorable Thomas L. Ludington

v.

LINDA METRISH,

                Respondent.
                                                    /

**OPINION AND ORDER DENYING PETITIONER'S "MOTION FOR APPOINTMENT OF COUNSEL" AND "MOTION FOR IMMEDIATE[ ] CONSIDERATION ON MOTION FOR BOND PENDING PETITION"**

Petitioner Joshua Bower presently confined at the Thumb Correctional Facility in Lapeer, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now before the Court are Petitioner's "Motion for Appointment of Counsel" and "Motion for Immediate[] Consideration on Motion for Bond Pending Petition."

There exists no constitutional right to the appointment of counsel in civil cases, and the court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In the instant case, the Court determines after careful consideration that the interests of justice do not require appointment of counsel at this time, and will deny the motion without prejudice.

Petitioner also has filed a "Motion for Immediate[ ] Consideration on Motion for Bond Pending Petition." Petitioner seeks release on bond during the pendency of his habeas corpus petition.

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts surrounding the petition and the existence of "some circumstance making the [motion for bond] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S. Ct. 3, 5 (1964); *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). "There will be few occasions where a prisoner will meet this standard." *Id*. Where the court finds no substantial claim that the petitioner is confined in violation of the Constitution, it need not reach the issue of whether exceptional circumstances exist which deserve special treatment in the interest of justice. *Id*. Because a habeas petitioner "is appealing a presumptively valid state conviction . . . it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). Petitioner's motion fails to establish the existence of any extraordinary and exceptional circumstances which merit release on bond. Therefore, the Court denies the motion.

Accordingly, it is **ORDERED** that Petitioner's motion for appointment of counsel [dkt #2] is **DENIED WITHOUT PREJUDICE** and Petitioner's "Motion for Immediate[ ] Consideration on Motion for Bond Pending Petition" [dkt # 6] is **DENIED**.

    s/Thomas L. Ludington
    THOMAS L. LUDINGTON
    United States District Judge

Dated: March 14, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 14, 2008.

                                          s/Tracy A. Jacobs
                                          TRACY A. JACOBS