UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSHUA BOWER,

               Petitioner,                           Case Number 07-13269-BC
                                                        Honorable Thomas L. Ludington

v.

LINDA METRISH,

               Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS,
DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO
PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Joshua Bower is presently confined at the Parnell Correctional Facility in Jackson,

Michigan.  He has filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. §

2254.  Petitioner was convicted by jury trial in the Wayne County Circuit Court and sentenced to

twenty-three to sixty months on one count of felon in possession of a firearm, Mich. Comp. Laws

§ 750.224f; five years on one count of possession of a firearm during the commission of a

felony-second offense, *id.* § 750.227b; twenty-three to forth-eight months on one count of

possession of less than twenty-five grams of cocaine, *id.* § 333.7403(2)(a)(v); and sixteen to twenty-

four months on one count of resisting and obstructing a police officer, *id.* § 750.81 d(1).

Petitioner's conviction arose from a traffic stop on January 13, 2005.  When the police

stopped Petitioner and ran a check on the car's license plate, it was discovered that the plates were

registered to a different car.  When Petitioner was asked to put his hands on the police car, he fled

from the police.  After apprehending Petitioner, the police officers went back to the car and observed

crack cocaine on "the front driver's floor board," and "a [loaded] handgun underneath the driver's

seat." No one else was in the vehicle, and Petitioner did not produce any documentation of his ownership of the vehicle. *People v. Bower*, No. 263438, 2006 WL 3751416, at *1 (Mich. Ct. App. Dec. 21, 2006).

Following his conviction and sentencing, Petitioner filed a post-conviction motion for resentencing, a new trial, and a *Ginther*[1] hearing, which was denied by the Wayne County Circuit Court on April 12, 2006. Subsequently, the Michigan Court of Appeals denied petitioner's motion to remand. *People v. Bower*, No. 263438 (Mich. Ct. App. Aug. 22, 2006). Petitioner's conviction was then affirmed on appeal. *Bower*, No. 263438, 2006 WL 3751416 (Mich. Ct. App. Dec. 21, 2006), leave denied, 731 N.W.2d 752 (Mich. 2007).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I.      Petitioner was denied his State and federal constitutional rights to effective assistance of counsel by his attorney's failure to move for an adjournment to prepare for trial and to move for a directed verdict.

II.     Petitioner's state and federal constitutional rights were violated by defense counsel's ineffectiveness for failing to bring a motion for directed verdict where the finding that Petitioner had constructive possession of the drugs and gun was against the great weight of the evidence.

III.    Petitioner's state and federal constitutional rights were violated when defense counsel failed to object to the scoring of [offense variable] 19 of the guidelines which was scored incorrectly.

I

Petitioner is entitled to the writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court

---

[1] *People v. Ginther*, 212 N.W.2d 922 (Mich. 1973).

of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id*. at 410 (emphasis in original). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409. "Furthermore, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence." *Baze v. Parker*, 371 F.3d 310, 318 (6th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

II

First, Petitioner contends that he was deprived of a fair trial because defense counsel was ineffective when she failed to ask for an adjournment to prepare for trial and to prepare for a directed verdict. Second, Petitioner contends that defense counsel was ineffective for failing to bring a motion for a directed verdict. Third, Petitioner contends that defense counsel was ineffective for failing to object to the scoring of offense variable ("OV") 19 of the Michigan Sentencing Guidelines.

Each of Petitioner's claims relates to the effectiveness of defense counsel and they will be addressed together. For the reasons stated below, the petition for writ of habeas corpus will be denied.

In *Strickland v. Washington,* 466 U.S. 668 (1984), the Supreme Court established a two-pronged test to determine whether a criminal defendant has received ineffective assistance of counsel. First, the convicted person must prove that counsel's performance was deficient, which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Second, the convicted person must show that counsel's deficient performance prejudiced him. *Id.* Prejudice is established by a "showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.* The Supreme Court emphasized that, when assessing counsel's performance, the reviewing court should afford counsel a great deal of deference:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent to making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Id.* at 689 (internal citations and quotations omitted).

The Supreme Court explained that to establish deficient performance, a habeas petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Id.* at 690. To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

-4-

A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The Sixth Circuit, applying the *Strickland* standard, has held that a reviewing court therefore must focus on whether counsel's alleged errors "have undermined the reliability of and confidence in the result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311 (6th Cir. 1996).

Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *Malcum v. Burt*, 276 F. Supp. 2d 664, 685 (E.D. Mich. 2003); *Reedus v. Stegall*, 197 F. Supp. 2d 767, 782 (E.D. Mich. 2001). For example, a petitioner cannot establish that counsel was ineffective based upon "vague and conclusory allegations that some unspecified and speculative testimony might have established his defense." *See Zettlemoyer v. Fulcomer*, 923 F.2d 284, 298 (3rd Cir. 1991).

While Petitioner contends that his trial counsel was ineffective for failing to move for an adjournment to obtain the preliminary exam transcripts and prepare for a directed verdict, Petitioner fails to specify any deficiency in counsel's performance during his trial which resulted from lack of an adjournment. Petitioner appeared before the trial court on May 17, 2005, in connection with the offer of a plea agreement. Petitioner indicated that he was reluctant to take the plea and expressed dissatisfaction with his trial counsel. Trial was set for the next day, May 18, 2005. On the trial date, Petitioner appeared with new trial counsel. The record reflects that witnesses were extensively cross examined and a jury verdict was rendered. Petitioner does not identify evidence or testimony which, had it been presented, would have resulted in a different outcome of Petitioner's case.

Next, Petitioner contends that trial counsel was ineffective for failing to move for a directed verdict. Petitioner also suggests that counsel should have moved for a new trial because the verdict

went against the great weight of the evidence. Petitioner cannot satisfy the prejudice prong of the

*Strickland* ineffective assistance of counsel test because he has not shown a reasonable probability

that had his counsel moved for a directed verdict, the motion would have been granted. *See Riley*

*v. Berghuis*, 481 F.3d 315, 324 (6th Cir. 2007).

The Michigan Court of Appeals found that the evidence was sufficient to support a finding

that Petitioner had constructive possession of the car, cocaine, and handgun:

> Defendant was the sole driver and occupant of the vehicle, and thus, had exclusive
> control over the vehicle. The drugs were found on the car floor, in front of the
> driver's seat, in plain view, and the gun was located underneath the driver's seat,
> readily accessible to defendant. The jury could infer that defendant knew of and
> exercised dominion and control over the cocaine. The jury could also infer that
> defendant knew the location of the pistol given that it was found under the driver's
> seat. In addition, the gun was readily accessible to defendant. Moreover, when the
> police officers asked him questions about the car, defendant fled. Flight, although
> not direct evidence of guilt, is "admissible to support an inference of 'consciousness
> of guilt.' " *People v. Goodin*, 257 Mich.App 425, 432; 668 NW2d 392 (2003).
> Defendant's flight, in conjunction with defendant's control over the car, the location
> of the gun and drugs, and the reasonable inferences arising from this evidence
> constituted satisfactory proof from which a jury reasonably could conclude that
> defendant possessed the gun and drugs.

*Bower*, No. 263438, 2006 WL 3751416 , at * 2. Because there was sufficient evidence to convict

Petitioner of felon in possession of a firearm, possession of a firearm during the commission of a

felony-second offense, possession of less than twenty-five grams of cocaine, and resisting and

obstructing a police officer, counsel was not ineffective for failing to move for a directed verdict,

or a new trial on the ground that the verdict went against the great weight of the evidence. *See*

*United States v. Clark*, 41 F. App'x 745, 750 (6th Cir. 2002).

Finally, Petitioner contends that trial counsel was ineffective because she failed to object to

the scoring of OV 19 of the Michigan Sentencing Guidelines. Although the Supreme Court has

never expressly extended *Strickland* to noncapital sentencing cases, the Sixth Circuit has applied

-6-

it in that context.  *See, e.g.*, *United States v. Stevens*, 851 F.2d 140, 145 (6th Cir. 1988).  "[A] failure to investigate, participate in, and prepare for the sentencing proceedings fails to satisfy an objective standard of reasonable representation and therefore falls below Sixth Amendment standards for effective assistance of counsel."  *Arredondo v. United States*, 178 F.3d 778, 788 (6th Cir. 1999).  To establish a claim of ineffective assistance of counsel in the sentencing context, a defendant must show :

> (1) that "counsel's representation fell below the objective standard of reasonableness;" and
>
> (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the sentence would have been different."

*United States v. Harris,* 894 F. Supp. 20, 26 (D.D.C. 1995) (quoting *Strickland*, 466 U.S. at 687-94).

In the present case, the Michigan Court of Appeals found that Petitioner's sentencing guidelines range would remain the same even if OV 19 had been properly scored.  Additionally, the court found that there was no plain error in the scoring of the variables.  The court found that even if OV 19 were scored at zero, Petitioner's minimum sentence would still be within the minimum sentencing guideline range utilized at sentencing and most likely, the same sentence would have resulted:

> Scoring OV 19 at zero rather than 15 changes defendant's minimum sentence guidelines range from 10 to 23 months to 7 to 23 months.  *See* Mich. Comp. Laws § 777.66.  Defendant's sentence for the felon in possession of a firearm conviction was 23 to 60 months.  Although the claimed scoring error changes the bottom of the guidelines range, the top of the range remains unchanged.  The trial court sentenced defendant to the top of the guidelines range, i.e., 23 months, when the guidelines were scored at 10 to 23 months.  It is clear that the trial court would have imposed the same top-of-the-guidelines sentence even if the correct guidelines would have been 7 to 23 months, and the sentence was within the appropriate guidelines range.  We conclude that there is no reasonable probability that, but for counsel's failure to object on the basis of this alleged scoring error, the outcome would have been different.  Therefore, defendant failed to demonstrate ineffective assistance of

counsel.

*Bower*, No. 263438, 2006 WL 3751416 , at * 3.

Likewise, the trial court rejected Petitioner's motion to correct his sentence, finding that any error in the scoring of the guidelines was harmless, in light of the fact that the guidelines range would have remained the same even if they had been correctly scored. In light of the fact that Petitioner's sentencing guidelines range would not have changed, Petitioner was not prejudiced by counsel's failure to object to the allegedly incorrect scoring of the offense variables under the sentencing guidelines. *See United States v. Pomales*, 268 F. App'x 419, 423-24 (6th Cir. 2008).

III

Based on the above, the Court will deny the petition for writ of habeas corpus. The Court will also deny Petitioner a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that "reasonable jurists could debate whether [or agree that] the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal citations and quotations omitted). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a

-8-

federal constitutional right.  The Court will also deny Petitioner leave to appeal in forma pauperis, because the appeal would be frivolous.  *See* Fed. R. App. P. 24(a).

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [Dkt. # 1] is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**, and that Petitioner is **DENIED** leave to proceed in forma pauperis on appeal.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 9, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 9, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS

---